**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BRIDGET MULLIGAN,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.: ______________<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, Bridget Mulligan ("Plaintiff"), by counsel, hereby files her Complaint ("Complaint") against Defendant Barclays Bank Delaware ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorney's fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

2. Plaintiff had an account with Defendant bearing the account number *4790 and opened on or about August 16, 2016 ("Account"). Numerous fraudulent charges were made on the Account that were not made or authorized by Plaintiff. The fraudulent charges on the Account resulted in an inflated and inaccurate balance on the Account.

3. Defendant reported the false and inaccurate balance on the Account to one or more of the national credit bureaus – Experian, Equifax, and Trans Union (collectively “CRAs”)

4. Plaintiff is a “consumer” and Defendant is a furnisher of information as those terms are defined or used by the FCRA.

5. As set forth below, Defendant reported the inaccurate Account to the CRAs to be included in her credit files with the balance due being $14,720.00. This was false and inaccurate because it was comprised primarily of the fraudulent charges described above. Defendant then failed to conduct reasonable investigations of Plaintiff’s credit reporting disputes with the CRAs and verified the fraudulent and inaccurate Account as accurate to CRAs. Defendant’s actions, or inactions, violated the FCRA.

6. As set forth below, Plaintiff suffered concrete harm because of Defendant’s violations of the FCRA.

**PARTIES, JURISDICTION, AND VENUE**

7. At all times material to this action, Plaintiff was a resident of the State of Georgia and this Judicial District.

8. At all times material to this action, Defendant was a Delaware domestic corporation which has a principal place of business in the State of Delaware. Defendant regularly does business in Georgia and in this District and

Division.

9. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

10. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

11. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

12. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

13. An unknown fraudster made fraudulent charges on the Account without Plaintiff's knowledge and consent. Defendant enabled the fraudster to make such fraudulent charges.

14. Plaintiff contacted Defendant directly to dispute the fraudulent charges. Defendant did not delete or otherwise correct the fraudulent charges in response to Plaintiff's dispute.

15. Within two years preceding the lawsuit, Plaintiff noticed the false and inaccurate charges and balance for the Account being reported by Defendant on her credit reports.

16. In July 2026, Plaintiff sent dispute letters to the CRAs via certified

mail enclosing copies of her police report, FTC report, and notarized statements from her family members (who were falsely alleged by Defendant to be authorized users on the Account) attesting that they did not make the charges. Upon information and belief, the CRAs conveyed Plaintiff's disputes to Defendant.

17. Defendant verified to Experian that Plaintiff still owned the balance. This was false and inaccurate.

18. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes that she made through Experian.

19. Defendant verified to Equifax that Plaintiff still owned the balance. This was false and inaccurate.

20. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes that she made through Equifax.

21. Defendant verified to Trans Union that Plaintiff still owned the balance. This was false and inaccurate.

22. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes that she made through Trans Union.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to her credit score attributable to the Account; emotional distress from knowing that a large company like Defendant was pursuing her for a balance she did not owe; anger at being accused of owing a

balance she did not owe; stress from having an inaccurate credit report; loss of sleep; and the time and effort to review her credit reports and make disputes concerning the Account; and any other damages to be shown at trial.

24. Defendant's refusal to correct its inaccurate reporting required Plaintiff to retain counsel.

## COUNT ONE:
## Defendant's Violations of the FCRA

25. At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

26. At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

27. Defendant violated Section 1681s-2(b) of the FCRA when it did not properly investigate Plaintiff's disputes of the Account that she made through the CRAs that were transmitted to Defendant. Defendant is liable to Plaintiff under Sections 1681n and 1681o of the FCRA for its negligent and willful violations of the FCRA.

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 23 above and, as a result, Defendant is liable to compensate Plaintiff for

the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**TRIAL BY JURY IS DEMANDED.**

Plaintiff requests a jury trial on all claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant for her actual damages, punitive damages, statutory damages, attorney's fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: October 14, 2026.

Respectfully submitted,

*/s/ John A. Love*
John A. Love
Georgia Bar No.: 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: (404) 855-3600
Fax: (404) 301-2300
tlove@loveconsumerlaw.com

*Counsel for Plaintiff*